UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
CHRISTOPHER VEGA,

                Plaintiff,

     v.

HSBC SECURITIES (USA) INC, HSBC
BANK USA, N.A., AND ANDREW
IRELAND, DANIEL ANNIELLO,
SHALINI GUGLANI AND PETER
FOGLIO,

               Defendants.
------------------------------------------------------X

**MEMORANDUM AND ORDER**

16-CV-9424 (JGK) (KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

     Before the Court is a motion by the plaintiff's counsel, Borelli & Associates, P.L.L.C., made pursuant to Local Civil Rule 1.4 of this court, to withdraw as counsel of record for the plaintiff and for a retaining lien in an amount to be determined at a hearing. Elissa Rossi, ("Rossi"), an associate with the law firm, submitted her declaration in support of the motion, stating that the plaintiff terminated the law firm's services, on April 15, 2019, and he failed to pay his outstanding bill for the legal services the law firm provided in this case. In a document styled "Response to Motion to Withdraw and for Retaining Lien," the plaintiff does not oppose counsel's motion to withdraw from representing him in this case but opposes counsel's request for a retaining lien.

     Local Civil Rule 1.4 of this court provides that an attorney of record for a party may be relieved "only by order of the Court and may not withdraw from a case without leave of the Court granted by order," upon an affidavit showing "satisfactory reasons for withdrawal" and the

1

posture of the case as well as "whether or not the attorney is asserting a retaining or charging lien." "[A] lawyer shall withdraw from the representation of a client when . . . the lawyer is discharged," Rule 1.16(b)(3) of New York Rules of Professional Conduct ("NYRPC") and "may withdraw from representing a client when . . . the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees," Rule 16(c)(5) of NYRPC. "A common-law retaining lien, also known as a general possessory lien, entitles the attorney 'to retain all papers, securities or money belonging to the client' that come into the attorney's possession in the course of the representation, as security for payment of attorneys' fees." Hoke v. Ortiz, 83 N.Y.2d 323, 331, 610 N.Y.S.2d 455, 459 (1994). "The purpose of the lien is to assist the attorney in preventing a client from refusing or failing to pay charges justly due." Pomerantz v. Schandler, 704 F.2d 681, 683 (2d Cir. 1983).

The Court finds that withdrawal of Borelli & Associates, P.L.L.C., as counsel of record for the plaintiff, is warranted based on satisfactory reasons shown by Rossi's affidavit, namely, the plaintiff: (1) discharged Borelli & Associates, P.L.L.C. as his counsel; and (b) failed to pay counsel's outstanding bill for legal services counsel rendered in this action. Accordingly, counsel's motion to withdraw, Docket Entry No. 182, is granted. An evidentiary hearing will be held in connection with counsel's request for a retaining lien, on May 21, 2019 at 10:30 a.m., in courtroom 228, 40 Centre Street, New York, N.Y. 10007. Borelli & Associates, P.L.L.C. shall serve a copy of this order on the plaintiff and file proof of service with the Clerk of Court.

Dated: New York, New York
May 10, 2019

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

2