UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
CHRISTOPHER VEGA,  :

        Plaintiff,  :

        v.  :

HSBC SECURITIES (USA) INC, HSBC :
BANK USA, N.A., AND ANDREW
IRELAND, DANIEL ANNIELLO,  :
SHALINI GUGLANI AND PETER
FOGLIO,  :

        Defendants.  :
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

**MEMORANDUM AND ORDER**

16-CV-9424 (JGK) (KNF)

Plaintiff Christopher Vega, proceeding pro se, filed an affidavit, stating: "On July 19th 2019 a San Diego Superior Court Judge granted plaintiff, Christopher Vega pro se request to change his legal name to Richard Stryker." The plaintiff's affidavit was accompanied by a copy of the "Court Order granting the name change." Before the Court is the plaintiff's unopposed "Motion to Proceed as Christopher Vega," in which the plaintiff contends, inter alia, that "[i]f the pro se Plaintiff is required to change his name in the caption he is concerned about the . . . adverse impact it will have on his continued search for employment." The plaintiff asserts that: (i) "[p]rospective employers may screen out the Plaintiff solely based on his filing a complaint against his former employer"; (ii) "[p]rospective employers may discover the Plaintiff was formerly disabled, though that is protected, confidential health information"; (iii) "[p]rospective employers may deny his employment solely . . . based on his former disability status"; (iv) "[p]rospective employers may discover the nature of the Plaintiffs [sic] disability, screen him out and deny him an interview or employment solely for the category of disability"; and (v)

1

"[r]equiring the Plaintiff to change his name will do further damage to his professional reputation."

The plaintiff changed his name, amid the litigation, from Christopher Vega to Richard Stryker. As of July 19, 2019, Christopher Vega is no longer the plaintiff's legal name. Effectively, the plaintiff seeks to proceed under a pseudonym, "[a] fictitious name or identity." *Pseudonym*, Black's Law Dictionary (9th ed. 2009), to preserve the anonymity of his identity under the name Richard Stryker.

> Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of [a] complaint must name all the parties." This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly. Certainly, "[i]dentifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." Courts have nevertheless "carved out a limited number of exceptions to the general requirement of disclosure [of the names of parties], which permit plaintiffs to proceed anonymously. Indeed, we have approved of litigating under a pseudonym in certain circumstances.
>
> Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 188-89 (2d Cir. 2008) (internal citations omitted).

When determining whether to permit a party to proceed under a pseudonym, courts must perform "a balancing test that weighs the plaintiff's need for anonymity against countervailing interests in full disclosure." Id. at 189. The following, non-exhaustive list of factors should be considered: (1) "whether the litigation involves matters that are 'highly sensitive and [of a] personal nature'"; (2) "whether identification poses a risk of retaliatory physical or mental harm" to the movant or "to innocent non-parties"; (3) "whether identification presents other harms and the likely severity of those harms"; (4) "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age"; (5) "whether the suit is challenging the actions of the government or that of private parties"; (6) "whether the defendant is prejudiced by

2

allowing the plaintiff to press his claims anonymously"; (7) "whether the plaintiff's identity has thus far been kept confidential"; (8) "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity"; (9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities"; and (10) "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." Id. at 189-90.

The plaintiff's grounds for seeking to proceed under his former legal name and his "concern about the . . . adverse impact [that changing the case caption to reflect his current legal name] will have on his continued search for employment" are speculative and baseless, as they are premised on conjecture: the plaintiff's surmise that prospective employers may act in violation of statutes prohibiting employment discrimination. No basis exists to presume that prospective employers would violate the law and, even if they do, the law provides remedies to the plaintiff for such violations. In balancing the interests at stake, and considering the enumerated factors, the Court finds that: (1) the plaintiff asserted employment discrimination based on disability, the action does not involve matters that are "highly sensitive" and the only matter of a personal nature in this action was asserted by the plaintiff in the complaint, namely, in 2015 and 2016, the plaintiff was diagnosed with major depressive disorder and attention deficit disorder; (2) the plaintiff's speculative assertions respecting prospective employers' violations of law do not demonstrate that the plaintiff's identification poses a risk of retaliatory physical or mental harm and the plaintiff does not assert any harm to innocent non-parties; (3) the plaintiff's speculative assertions do not show that the plaintiff's

3

identification presents other harms; (4) the plaintiff does not contend, and no basis exists to find, that he is particularly vulnerable to the possible harms of disclosure, including particularly because of his age; (5) the plaintiff is challenging the actions of private parties; (6) the defendants do not assert any prejudice would attend them by allowing the plaintiff to proceed under his former legal name; (7) the plaintiff has not kept his former or new identity confidential, as he filed numerous documents signed under his current legal name and identified himself as the same person as the person whose previous legal name in this litigation was Christopher Vega; (8) the public interest is furthered by requiring the plaintiff to proceed under his current legal name, in this circumstance, because no basis exists that warrants protecting his identity and the requirement of Rule 10(a) of the Federal Rules of Civil Procedure "cannot be set aside lightly," id. 189-90; (9) nothing in the circumstance of this case makes the public's interest in knowing the litigants atypically weak; and (10) no alternative mechanism for protecting the confidentiality of the plaintiff is warranted in the circumstance of this case.

For the foregoing reasons, the plaintiff's motion to proceed as Christopher Vega, Docket Entry No. 193, is denied. The Clerk of Court is directed to amend the caption of this action to reflect that the name of the plaintiff is Richard Stryker.

Dated: New York, New York
June 4, 2019

Copy mailed to:

Richard Stryker

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

4