UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RICHARD STRYKER,                           :
                                           :
                          Plaintiff,       :
   -against-                               :          **ORDER**
                                           :     16 CV 9424 (JGK) (KNF)
HSBC SECURITIES (USA) INC, HSBC            :
BANK USA, N.A., ANDREW IRELAND,            :
DANIEL ANNIELLO, SHALINI GUGLANI           :
and PETER FOGLIO,                          :
                                           :
                          Defendants.      :
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

The plaintiff filed a letter on November 24, 2020, Docket Entry No. 258, requesting that the Court: 1) order the defendants to provide him with deposition errata sheets; 2) order the defendants to "produce proof both errata sheets and medical records were produced to [his] former counsel"; 3) provide him time to retain counsel to initiate a malpractice action against his former counsel and, "[i]f the matter cannot be resolved by January 4th 2021... order a hearing on the retaining lien"; 4) grant him leave to amend the parties' joint pretrial order, "once the aforementioned documents are obtained"; and 5) allow him "until Wednesday December, 16th to file his Motions in Limine." The plaintiff also indicated that on November 9, 2020, he served subpoenas on seven of his mental health providers requesting that they supply records to him by December 11, 2020.

The defendants responded to the plaintiff's letter, via a letter dated November 25, 2020, Docket Entry No. 259, attached to which are the errata sheets sought by the plaintiff and proof that the defendants supplied the plaintiff's former counsel with medical records pertinent to the plaintiff that were discussed during a conference the Court held with the parties on November 5, 2020. The defendants urge the Court to deny: i) the plaintiff's request to delay the progress of this action to enable him to engage counsel to prosecute a malpractice action against his former counsel; and ii) the plaintiff's request to amend the parties' joint pretrial order, since they have now given him the documents he purported to need to enable the joint pretrial order to be completed. With respect to

the plaintiff's request to alter the date for filing motions in limine, the defendants maintain that, during the November 5, 2020 conference, the Court directed the plaintiff to raise the matter with the assigned district judge, to whom all such motion will be presented.  In addition, the defendants assert that, inasmuch as the time for pretrial discovery activities has concluded, the November 9, 2020 subpoenas issued by the plaintiff to his mental health providers are improper, and seek documents that are not relevant to the issues that remain to be tried in this action.

The plaintiff file another letter with the court on November 30, 2020, Docket Entry No. 259. According to that letter, the issues he raised respecting the errata sheets, the medical records that were sent to his former counsel and the preparation of the parties' joint pretrial order have been resolved.  Therefore, the Court will address the plaintiff's request to delay this action to permit him to retain counsel to prosecute a malpractice action against his former counsel and his request to alter the time for filing motions in limine.

The plaintiff's request to delay this action to enable him to retain counsel to prosecute a malpractice action against his former counsel, is denied.  The plaintiff has always been free, since his former counsel ceased to represent him in 2019, to commence a malpractice action. Such an action will address issues that are not the issues that remain to be tried in this action.  Accordingly, no need exists to delay this action because of the contemplated  malpractice action.  The Court is mindful that the matter of the retaining lien asserted by the plaintiff's prior counsel remains to be resolved.  The hearing scheduled previously by the Court to dispose of that matter was adjourned sine die, due to the plaintiff's inpatient status at a mental health facility.  The Court will reschedule the hearing as soon as possible and advise the relevant parties of the hearing date through a separate order.  The hearing will be held remotely.  With respect to the plaintiff's request to alter the date for making motions in limine, that request should be addressed to the judicial officer who will resolve any motions in limine made by the parties.

This order resolves the matters raised in Docket Entry No. 258.

Dated:  New York, New York  
        December 2, 2020

SO ORDERED:

_____  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE