```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
---------------------------------------------------------

RICHARD STRYKER,                          16-cv-9424 (JGK)

        Plaintiff,

  - against -                             MEMORANDUM OPINION
                                                   AND ORDER
HSBC SECURITIES (USA), ET AL.,

        Defendants.

---------------------------------------------------------

JOHN G. KOELTL, District Judge:

    The plaintiff filed a new motion in limine seeking to preclude the defendants from introducing various documents. ECF No. 353. The defendants have responded, ECF No. 357, and the plaintiff has replied, ECF No. 368.

    The defendants argue that the Court should deny the motion because it is untimely, which it plainly is. However, if the Court denied the motion, it would only result in delaying consideration of the admissibility of documents until trial when the same objections could be raised. Therefore, the Court will consider the motion, even though it is untimely.

    The defendants argue that the documents at issue support various arguments that the defendants intend to raise at trial, including that the plaintiff was not in fact suffering from a disability during the period at issue, that the plaintiff was not qualified for the position of Premier Relationship Advisor, and that the plaintiff suffered no damages from his assignment

1

to the position of Financial Advisor. Ultimately, however, the defendants ask the Court not to rule on the motion in limine because the defendants may not offer the documents at issue and will offer them only depending on the evidence the plaintiff proffers at trial. Therefore, because the defendants have only listed the documents as possible trial exhibits and have not sought to offer them yet, and may not offer them, the motion in limine is **denied without prejudice**.

Some of the documents at issue are medical records and have been listed as potential exhibits by both the plaintiff and the defendants. The documents are stipulated to be authentic, but are not stipulated to be admissible. Therefore, whichever party first seeks to offer the documents is reminded that, if the documents are objected to, the party offering them must establish their admissibility under the Federal Rules of Evidence. This will require the party to overcome the possible hearsay objection by pointing to a possible exception to the rule against hearsay, such as the business records exception, see Fed. R. Evid. 803(6), but this will require the testimony of a proper custodian or a proper certification, see Fed. R. Evid. 902(11). Because some of the documents at issue are listed as potential exhibits by both parties, the parties should be aware that the proffer of portions of a document by one party may well result in other portions of the document being admitted at the

same time if those additional portions ought to be considered at the same time. See Fed. R. Evid. 106.

The defendants have also requested that the Court take judicial notice "That Section 484 of the California Penal Code defines the crime of Larceny [Theft] under California Law." ECF No. 362. The Court will take judicial notice of the fact that Section 484 of the California Penal Code defines the <u>misdemeanor crime of theft</u>. See CA Penal Code § 484(a). As stated at the final pre-trial conference, the defendants are limited to establishing the name of the offense, the date of conviction, and the sentence imposed, and not the underlying facts of the conviction. See <u>United States v. Estrada</u>, 430 F.3d 606, 615-16 (2d Cir. 2005).

The plaintiff requests that he be allowed to make a statement that an order of dismissal was issued on August 24, 2021. As the Court held at the final pre-trial conference, because the order of dismissal had the effect of withdrawing the plaintiff's guilty plea, the plaintiff's guilty plea is inadmissible. But because the order of dismissal was not based on a finding of rehabilitation or innocence, the pre-conditions of Federal Rule of Evidence 609(c) are not satisfied, and therefore the plaintiff's conviction continues to be admissible. Accordingly, if the plaintiff seeks to deny the prior conviction or minimize his guilt, such as by referring to the order of

dismissal or the withdrawal of his guilty plea, then the defendants will be allowed to explore the underlying circumstances of the misdemeanor theft conviction. See United States v. Weisser, 417 F.3d 336, 346 (2d Cir. 2005).

The plaintiff no longer seeks to admit the SEC filings discussed in ECF No. 355. The parties have not raised any issues with regard to Dr. Lloyd's testimony.

The plaintiff "requests broad leave from the Court to revise the amended complaint." ECF No. 368. The issues in the Complaint have been clarified through the various motions that have been made. The plaintiff has not specified how he would seek to amend the Complaint. Accordingly, this motion is **denied without prejudice as moot.**

The plaintiff is reminded, once again, that if he refers in the presence of the jury to any of the litany of alleged prior bad acts of HSBC, which the Court has already ruled are inadmissible, then he subjects himself to sanctions and possibly a mistrial.

The Clerk is directed to close Docket No. 362.

**SO ORDERED.**

Dated:   New York, New York
         November 5, 2021

_____
John G. Koeltl
**United States District Judge**