UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICHARD STRYKER,                              16-cv-9424 (JGK)

      Plaintiff,

- against -                                   ORDER

HSBC SECURITIES (USA), ET AL.,

      Defendants.

---

JOHN G. KOELTL, District Judge:

    The parties submitted ten exhibits that the plaintiff proposes to introduce in the course of his direct testimony, all of which the defendants object to. ECF No. 372.

    The Court is prepared to discuss the exhibits at 9:00 a.m. tomorrow, and the preliminary rulings below are subject to further arguments by the parties, but the Court makes the following preliminary rulings.

    As a preliminary matter, the Court notes that none of the proposed exhibits have been stipulated to be admissible. In addition, the Court has repeatedly warned the plaintiff that the trial will be conducted in accordance with the Federal Rules of Evidence, including the Rules with respect to the exclusion of hearsay evidence. See, e.g., ECF No. 335, at 11, 46; see also Fed. R. Evid. 802. The Court has explained to the plaintiff that with respect to documents, it would usually be necessary to find an exception to the rule against hearsay such as the business

1

records exception. See ECF No. 369, at 2; Fed. R. Evid. 803(6). But that exception requires the testimony of a custodian or another qualified witness, or a proper certification. See Fed. R. Evid. 803(6)(D). In his letter dated November 11, 2021, the plaintiff explains that the numerous medical records he seeks to introduce "were submitted to the parties from the medical providers" and that "medical records . . . are a common [exception] to the hearsay rule." But the plaintiff does not satisfy the business records exception because he has not proffered the testimony of a proper custodian or other qualified witness, or offered a proper certification, despite the Court's warnings that such pre-conditions to admissibility would be required.

More specifically, the rulings with respect to the individual documents are as follows:

P-140: Objection sustained. The document is hearsay without any proffered basis for introduction. There is no certification that it is a business record, and no indication that it was sent to HSBC for purposes of notification.

P-141: Objection sustained. The document is hearsay from Dr. Lloyd and would not be admissible in the plaintiff's testimony. It is potentially admissible in the testimony by Dr. Lloyd and

is sufficiently close in time to March 2017 to be relevant to the plaintiff's argument that he was disabled in March 2017.

P-142: Objection overruled, provided that the document is proffered not for the truth of the statements in the document but for the notice that it allegedly gave to HSBC with respect to the plaintiff's alleged disability, and provided that the plaintiff provides the necessary foundation that the document was provided to HSBC.

P-143: Objection sustained at this time. The document is hearsay from Dr. Lloyd, but could be admitted with Dr. Lloyd's testimony if an exception to the hearsay rule is provided by Dr. Lloyd or if the document is admitted not for the truth of its contents but for notice to HSBC if there is a foundation that the document was provided to HSBC by the plaintiff or Dr. Lloyd.

P-292: Objection sustained. The document is hearsay. No exception is advanced.

P-303: Objection sustained. The document is hearsay. No exception is advanced. Also, it is impossible to tell if any of the redactions are proper because they have been blacked out.

P-315: Objection sustained. The document is hearsay. No exception is advanced. The defendants also object on the grounds of completeness but there are no redactions in the document and it is impossible to know what other portion of the medical record the defendants contend should be considered at the same time for purposes of the rule of completeness.

P-320: Objection sustained. The document is hearsay. No exception is advanced. It is also impossible to determine if the redaction is proper. The defendants also object on the grounds of completeness but do not explain what other portion of the medical records should be considered at the same time for purposes of completeness.

P-328: Objection sustained. The document is hearsay. No exception is advanced. It is also impossible to determine if the redactions are proper. The defendants also object on the grounds of completeness but do not explain what other documents should be considered at the same time for purposes of completeness.

P-334: Objection sustained. The document is hearsay. No exception is advanced. It is also impossible to determine if the redactions are proper. The defendants also object on the grounds

of completeness but do not explain what other documents should be considered at the same time for purposes of completeness.

SO ORDERED.

Dated:  New York, New York
        November 11, 2021

                                        /s/ John G. Koeltl
                                        John G. Koeltl
                                    United States District Judge