```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------
RICHARD STRYKER,                               16-cv-9424 (JGK)

        Plaintiff,

    - against -                                MEMORANDUM OPINION
                                                   AND ORDER
HSBC SECURITIES (USA), ET AL.,

        Defendants.
--------------------------------------
```

**JOHN G. KOELTL, District Judge:**

At the charge conference today, the defendants argued to modify the jury charge and special verdict form because the burden of proof for punitive damages under the New York City Human Rights Law (the "NYCHRL") is clear and convincing evidence. However, after reviewing the relevant cases, the Court concludes that the burden of proof for punitive damages under the NYCHRL is the preponderance of the evidence standard.

The cases cited by the defendants in support of the clear and convincing evidence standard do not involve claims under the NYCHRL. See ECF No. 264, at 45 n.42 (citing Munoz v. Puretz, 753 N.Y.S.2d 463, 466 (App. Div. 2003); Randi A.J. v. Long Island Surgi-Ctr., 842 N.Y.S.2d 558, 568 (App. Div. 2007)). In Greenbaum v. Svenska Handelsbanken, N.Y., 979 F. Supp. 973 (S.D.N.Y. 1997), then-Judge Sotomayor considered the specific question of the burden of proof to be applied to punitive damage awards under the NYCHRL. Justice Sotomayor reviewed the

1

conflicting authority on this question and concluded that the preponderance standard applies to punitive damage awards under the NYCHRL. See id. at 975-82. The Court is persuaded by Justice Sotomayor's opinion in Greenbaum, and there appears to be no controlling authority to the contrary. In particular, in light of the fact that punitive damages are not a separate cause of action under New York law, but rather are "inextricably linked to the underlying cause of action," "it is difficult to justify subjecting only one form of damages to a different evidentiary standard than all of the other elements of the claim at issue—at least without clear direction from either a statute or controlling judicial authority." Greenbaum, 979 F. Supp. at 982. In view of the clear decision by Justice Sotomayor, if the City Council intended to heighten the burden of proof for a finding of punitive damages under the NYCHRL, it could have said so, but it never has. Moreover, to apply a heightened standard of proof beyond that which is otherwise required for a violation of the NYCHRL and an award of compensatory damages would be inconsistent with the generally liberal interpretation of the NYCHRL in favor of plaintiffs. See Chauca v. Abraham, 89 N.E.3d 475, 480 (N.Y. 2017).

Accordingly, the Court will apply the preponderance of the evidence standard to the issue of punitive damages under the NYCHRL, and the Court will not modify the jury charge or the

special verdict form with respect to the issue of punitive damages.

**SO ORDERED.**

**Dated:     New York, New York
            November 17, 2021**

                                                             /s/ John G. Koeltl
                                                           **John G. Koeltl
                                      United States District Judge**